(February 24, 1892.)

## GEERTSON v. BARRACK ET AL.

[29 Pac. 42.]

WATER RIGHTS—APPROPRIATION—PRIORITY OF RIGHT—PRIOR APPRO-
PRIATOR.—1. The prior appropriator of water for irrigation pur-
poses is entitled to the water so appropriated necessary to the
irrigation of his land as against subsequent appropriators.

AMOUNT OF APPROPRIATION, HOW DETERMINED.—2. The court must
determine the date and amount of each appropriation, and from
these facts determine the priority of right, as between the parties,

as declared by section 3159 of the Revised Statutes of Idaho, 1887, to wit, as between appropriators the one first in time is the first in right.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

Miller & Terrell, for Appellant.

If the court fails to find on a material issue, judgment cannot be supported. (*Traverso v. Tate,* 82 Cal. 170, 22 Pac. 1082; *Swift v. Canavan,* 52 Cal. 417-419; *Billings v. Everett,* 52 Cal. 664; *Shaw v. Wandesforde,* 53 Cal. 300.) Findings outside the issues must be disregarded. (*Green v. Chandler,* 54 Cal. 627, 628; *Robinson v. Railroad Co.,* 57 Cal. 419; *Morenhout v. Barron,* 42 Cal. 605; *Marks v. Sayward,* 50 Cal. 59.) There being a specific finding of fact, and a general finding of fact inconsistent therewith, a judgment based on the general finding cannot stand. (*Geer v. Sibley,* 83 Cal. 1, 23 Pac. 220.) If findings are inconsistent, and cannot be harmonized, it is ground for reversal. (*Manly v. Howlett,* 55 Cal. 95; *Harris v. Harris,* 59 Cal. 622; *Sloss v. Allman,* 64 Cal. 47; 30 Pac. 574; *Gillman v. Curtis,* 66 Cal. 116, 4 Pac. 1094.)

Hawley & Reeves, for Respondents.

SULLIVAN, C. J.—This is an action brought to determine the right of appellant to the use of two hundred inches of the waters of Geertson creek, situated in Lemhi county. The complaint alleges that the plaintiff is the owner and in the possession of over three hundred acres of land situated in said Lemhi county, and, for the purpose of irrigating said land, the plaintiff, during the spring of 1868, and while he was in the possession of said land, appropriated two hundred inches of the water of said Geertson creek; that said appropriation was the first made of the waters of said creek; that at frequent times during the three years prior to the commencement of this suit the defendants had, without plaintiff's consent, diverted the waters from said creek to such an extent as to wholly deprive plaintiff of the water so appropriated by him—and

demands that defendants be restrained from in any manner interfering with plaintiff's right to the use of the water of said creek so claimed and diverted by him. Upon the application of Delos Simons, one of the original defendants, the court ordered James Beattie, John McGuigan, and the Wah Sing Mining Company to be brought in as parties defendant; and thereupon the plaintiff was permitted to and did file his supplemental complaint, alleging that said defendants Beattie, McGuigan, and the Wah Sing Mining Company had diverted a large amount of the water of said Geertson creek, without the consent of plaintiff, to his damage, and demanded that they be perpetually restrained from interfering with the rights of plaintiff to the use of said water. The defendants, except the Wah Sing Mining Company, answered, and by cross-complaint allege their right to the use of water from said creek under divers appropriations. The cause was tried to the court without a jury, and the court filed its decision in writing, and judgment was entered thereon. This appeal was taken from the judgment. The appellant specifies two errors, and demands that the case be reversed and remanded for a new trial. The respondents consent to a reversal. All parties seem anxious for a new trial.

The first specification of error is, in substance, that the findings of fact do not conform to the issues made by the pleadings. Upon an inspection of the findings of fact, we observe that they contain many findings upon issues not made by the pleadings, and that they do not find on all of the material issues made by the pleadings.

The second error assigned is "that the judgment herein entered is against law, for the reason that said judgment does not decree or adjudge any priority of rights to the waters in controversy." The pleadings put in issue the rights of the parties to the use of the waters of said creek, according to the priority of appropriation; and the court should have determined the rights of the parties upon that issue, and entered judgment accordingly. Findings of fact and conclusions of law similar to those entered in the case at bar were commented

on at some length by this court in its opinion rendered at this term in the case of *Kirk v. Bartholomew,* post, p. 367, 29 Pac. 40. The law, as therein laid down, governing that case, is also applicable to the case at bar, so far as it applies to the issues to be determined and the judgment to be entered. Under the pleadings the court below must determine the date of each appropriation through which the several parties claim their rights, the amount of water appropriated by each party for a useful or beneficial purpose, and order judgment to be entered, giving the parties first in time the superior right, to the extent of their appropriation for a useful or beneficial purpose. The judgment is reversed, and the case is remanded for a new trial in accordance with this opinion. Three-fourths of the costs of this appeal is awarded to the appellant.

Huston, J., concurs.

Morgan, J., having been of counsel in the court below, took no part in the hearing or decision of this case.