(December 31, 1892.)

## MAHONEY v. MARSHALL, SHERIFF.

### [31 Pac. 809.]

CLAIM AND DELIVERY — STIPULATION OF ATTORNEYS — DEFENDANT
BOUND BY STIPULATION.—1. In an action of claim and delivery, it
was stipulated by the parties through their respecive attorneys,
that if plaintiff was entitled to recover at all, he was entitled to
recover the full value of the property (in this case $2,500), or
nothing.

VERDICT OF JURY.—2. The jury found for the plaintiff in the sum of
$2,500. The record showing that the plaintiff was clearly en-
titled to recover, *held*, that a verdict and judgment for $2,500
would not be disturbed.

STIPULATION OF ATTORNEYS.—3. Where attorneys for respective par-
ties stipulate plaintiff is entitled to a sum certain, naming it,
the defendant is estopped from raising an objection that the
amount stipulated is too much.

(Syllabus by the court.)

APPEAL from District Court, Cassia County.

Hawley & Reeves and L. Vineyard, for Appellants.

This is not an action by a pledgee against a stranger, but it
is purely and simply an action between two parties, both claim-
ing the right to the possession derived from the same source,
All that was done by the defendants was done by the consent

of the pledgor, Lee R. Moon, and under an express agreement with him. The plaintiff can only recover the value or amount of his debt secured by the property, and the defendants in this case succeed to the interest of Lee R. Moon to any surplus that may remain after paying plaintiff's lien. (*Treadwell v. Davis,* 34 Cal. 601, 94 Am. Dec. 770; *Brownell v. Hawkins,* 4 Barb. 491; 18 Am. & Eng. Ency. of Law, 655; *Miles v. Walher,* 3 Mo. 96; *Dilworth v. McKelvy,* 30 Mo. 149.)

J. Brumback, for Respondent.

The rule is familiar that parties will not be heard to object to that which has been done by consent. (*City and County of San Francisco v. Certain Real Estate,* 42 Cal. 513; *Thompson v. Connolly,* 43 Cal. 636; *People v. Kelly,* 46 Cal. 356; *Spinetti v. Brignardello,* 53 Cal. 281; *Conniff v. Kahn,* 54 Cal. 283; *Parker v. Altschul,* 60 Cal. 380; *Societe Francaise D'Epargnes v. Beardslee,* 63 Cal. 160.) When the evidence used on a hearing by stipulation is not preserved on the record, it will be presumed that the fact embraced in the finding was properly litigated and sustained by competent testimony. (*Olson v. St. Paul etc. Ry. Co.,* 38 Minn. 479, 38 N. W. 490.)

HUSTON, J.—Plaintiff brought action of claim and delivery to recover possession of certain personal property taken by defendant. The property had been delivered to plaintiff by one Moon, the owner, as security for a debt owing from said Moon to plaintiff. It was seized by defendant Marshall, as sheriff, by virtue of a chattel mortgage in favor of defendant Child. Defendants admit that said chattel mortgage is void. The case was tried by a jury, and before submission it was agreed by the parties, through their respective attorneys, that "the judgment or verdict found by the jury should be for the full sum of $2,500 or nothing." The verdict was for plaintiff for the sum of $2,500.

The appellants contend that the district court erred in entering judgment for $2,500, and claim that it should have been for a lesser sum. We think defendants are estopped by their stipulation from raising that objection here, especially as the evidence shows the plaintiff entitled to recover that sum. We

have carefully examined the record, and, finding no error, the judgment of the district court is affirmed, with costs to appellants.

Sullivan, C. J., and Morgan, J., concur.