### [No. 3786.]

## THE COLORADO MILLING & ELEVATOR CO. v. THE LARIMER & WELD IRRIGATION CO.

1. WATER RIGHTS—APPROPRIATION—DECREES.
The appropriation of water for a specific purpose, and a decree adjudicating the right to such appropriation, not only limits the use to the amount appropriated, but also to the quantity necessary for the purpose for which it is appropriated.
2. WATER RIGHTS—APPROPRIATION—RIGHTS OF SUBSEQUENT APPROPRIATORS.
An appropriator of water from a stream already partly appropriated acquires a right to the surplus or residuum he appropriates, and the prior appropriators cannot enlarge their use of water to his prejudice, but are limited to their rights as they existed at the time the subsequent appropriator acquired his rights.
3. SAME—CHANGE OF USE.
An appropriation of water for irrigation purposes may be changed to a use for storage, but such change cannot be made to the detriment of other appropriators whose rights are subsequent to the appropriation for irrigation, but prior to the appropriation for storage. When the water in the stream is needed by the subsequent appropriators, the diversion of the prior appropriator for storage purposes would be limited to what he was entitled to divert for irrigation purposes, both as to amount and time of diversion.
4. WATER RIGHTS—CONSTITUTIONAL PROVISION.
Rights to the use of water acquired prior to the adoption of the constitution are not affected by the provisions of that instrument, relating to priority as determined by the character of use.

*Error to the District Court of Larimer County.*

By the pleadings, the issue was made between the plaintiff in error, as plaintiff below, and defendants in error, as defendants in the trial court, as to which had the prior right to the use of water from the Cache la Poudre river. The former claimed such right for power purposes; the latter, for irrigation, and as an affirmative defense, pleaded the rendition of a decree in adjudication proceedings had in the district in which this stream is situate, averring that the predecessors of plaintiff, as the owners of the ditch through which it claimed its priority, as, also, the Larimer & Weld Irrigation Company, one of the defendants in error, participated in such proceedings, and that by such decree, the priorities of plaintiff's ditch was adjudged junior to that of the irrigation company. The evidence established the averments of this defense, and that such decree awarded priorities to the ditch of the Larimer & Weld company for irrigation, and to that of plaintiff for power and domestic purposes. During the progress of the trial it was stipulated that as between plaintiff and certain individual defendants, the latter should have judgment establishing their rights to the use of water for the irrigation of lands owned by them, as superior to those of the plaintiff, which narrows the controversy, so far as the defendants in error before this court are concerned, between the plaintiff and the defendant, the Larimer & Weld Irrigation Company. Further evidence established that during certain seasons of the year, this company was diverting water for storage purposes at times when the supply of water in the river was insufficient to furnish plaintiff's ditch with its appropriation after such diversion. The court expressly held that, by the adjudication proceedings, plaintiff in error was estopped from averring or proving anything contrary to the terms and conditions of such decree, and basing its judgment entirely upon this conclusion, dismissed the action. Plaintiff assigns as error the judgment of the court in dismissing the action as to the irrigation company. On behalf of defendant in error, it is contended that under the provisions of section 6, article 16 of the constitution, plaintiff in error can-

not assert the right to water for power purposes as against those claiming it for agricultural uses. The evidence established that the rights of plaintiff attached as of date April 15, 1867.

Messrs. ROBINSON & LOVE, for plaintiff in error.

Mr. J. W. McCREERY, for defendants in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

The conclusion of the trial court that plaintiff was estopped from averring or proving a state of facts contrary to the terms and conditions of the decree entered in the adjudication proceedings, may be correct in the abstract, but it is not necessary to determine that proposition, because, under the issues and the evidence it was not the controlling one in this case, or the one upon which the rights of the parties alone depended. Conceding that this decree was *res judicata* between the parties, it was only so to the extent of the matters thereby adjudicated, namely, the right of the irrigation company to divert a given volume of water, not in excess of its needs, for the purpose of irrigation, in advance of the right of plaintiff to enjoy the volume of its appropriation for power and domestic purposes; but these were not the only rights involved. At certain seasons of the year the irrigation company diverted water for storage. This diversion so reduced the volume left in the stream, there was not sufficient remaining to supply that which plaintiff claims it has the right to divert. The appropriation of water for a specific purpose qualifies such appropriation by limiting the volume to the quantity necessary for that purpose. *Ortman v. Dixon,* 13 Cal. 33; Kinney on Irrigation, § 231; *McHenry v. Smith,* 21 Cal. 374. An appropriator of water from a stream already partly appropriated acquires a right to the surplus or residuum he appropriates, and those in whom prior rights in the same stream are vested, cannot extend or enlarge their

use of water to his prejudice, but are limited to their rights as they existed when he acquired his (*Proctor v. Jennings*, 6 Nev. 83; *Cache la Poudre R. Co. v. Water Supply & Storage Co.*, 25 Colo. 161; Kinney on Irrigation, §§ 230, 232; *The Nev. Water Co. v. Powell*, 34 Cal. 109), because in such case, each with respect to his particular appropriation is prior in time and exclusive in right. *Nev. Water Co. v. Powell, supra.* Decrees in adjudication proceedings, under the statute, not only limit the use of water by those in whose favor they are rendered, to the quantity decreed, but also to the volume necessary for the purpose for which it is appropriated. *New Mercer Ditch Co. v. Armstrong*, 21 Colo. 357. The right of diversion by the irrigation company for storage purposes did not unqualifiedly attach under the decree by virtue of which it claimed this right. This decree did not contemplate or provide for such a use. By such diversion the irrigation company, in effect, sought to make another appropriation, for another purpose; or, if not another appropriation, another use which may have resulted in the diversion of water in excess of that awarded its ditch, or at a time when the water thus taken was not needed for the use for which it was originally appropriated; and although it could change its use from that for which it was originally appropriated, and for which it was decreed, to another, it could not exercise this right in such manner as to infringe on the rights of the plaintiff, so that whatever might be the effect of the adjudication proceedings, in so far as the rights of the parties are claimed to be settled by that adjudication, there was presented in this case an entirely new question, namely, the right of the irrigation company to divert water for storage, as against the plaintiff for power purposes, which depended for determination upon what the evidence established with reference to the time of the appropriation of each for these respective purposes, which was not settled by the statutory adjudication, and which the court should have determined from the evidence bearing on this question, independent of such adjudication, under the rules of law governing

appropriations; or, if the evidence established that no appropriation had been made by the irrigation company for the express purpose of storage, which antedated the priority of plaintiff, then, although the right of the irrigation company under the decree, to divert water for the purpose of irrigation, may have been prior to that of plaintiff, and by that decree its rights for that purpose conclusively settled, it could not thereby exercise that right to the detriment of the latter by an enlarged or another use, measured by either volume or time, which would result in depriving plaintiff of its appropriation under that decree; or, otherwise expressed, if the rights of the parties alone depended upon the decree, then, although the irrigation company could change the use of its appropriation from irrigation to that of storage, it could not divert water for that purpose, which would result in a diversion measured by either volume or time, to the damage of plaintiff, but when the water of the stream was needed by plaintiff to supply its appropriation, would be limited to a diversion for storage at such time and under the same conditions which would permit it to divert for irrigation purposes; for unless so limited, it could divert for storage to the injury of the priority of plaintiff, which, though junior to that of the irrigation company, is entitled to be protected against any use by the irrigation company which would result in depriving it of the use of water different from that following a diversion by the irrigation company for irrigation purposes. It was error for the trial court to render judgment, as it did, based alone upon the proposition that the rights of the parties were conclusively settled by the adjudication proceedings, without, also, considering and determining the further questions which were involved upon which the rights of the parties depended, either as original appropriators for the respective uses for which they now claim the water, or as dependent upon the decree under the evidence regarding the time, volume and season when the irrigation company diverted for storage purposes.

The rights of plaintiff appear to antedate the adoption of

the constitution. There is nothing in that instrument which indicates that its provisions shall operate otherwise than prospectively, and the rights of the parties to this action, as measured by different particular uses of water, are not affected by that provision relating to priority, as determined by the character of use. *Strickler v. Colo. Springs*, 16 Colo. 61.

The judgment of the district court, dismissing the action as to the Larimer & Weld Irrigation Company, is reversed, and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

*Reversed and remanded.*