(January 26, 1900.)

## McGINNESS v. STANFIELD.

[59 Pac. 936.]

PRE-EMPTION AND HOMESTEAD LAWS—DIRECTION OF SUPREME COURT TO
DISTRICT COURT TO CORRECT FINDINGS.—An appeal from the action
of the district court carrying out the directions of this court in
correcting its findings and decree. The record examined and held
that the district court had correctly followed the direction of this
court.

(Syllabus by the court.)

APPEAL from District Court, Elmore County.

N. M. Ruick, for Appellants.

As this appeal so far as we know is without a precedent in
this court, it is proper at the outset that we should state its
purpose and the object sought to be attained thereby. It is
to procure this court to examine the decree entered by the
district court to ascertain if it conforms to the mandate of this
court, and if it does not so conform to remand the case with
appropriate directions for correcting the error. We at once
concede that this appeal cannot be entertained for any other
purpose than the one stated above, but that it is authorized for
such purpose is abundantly supported by authority. (*Krantz
v. R. G. W. Ry. Co.,* 13 Utah, 1, 43 Pac. 623, 32 L. R. A. 828;
*Roberts v. Cooper,* 20 How. 467, 480; *Humphery v. Baker,* 103
U. S. 736; *State v. Levelle,* 38 S. C. 216, 221, 16 S. E. 717,
17 S. E. 30; *Zimmerman v. Turner,* 24 Wis. 483; *Mackall v.
Richards;* 116 U. S. 45, 6 Sup: Ct. Rep. 234; *Aspen etc. Co. v.
Billings,* 150 U. S. 31, 14 Sup. Ct. Rep. 4; *Smith v. Shoffer,*
50 Md. 132; *Martin v. Platt,* 131 N. Y. 641, 30 N. E. 565.)

E. M. Wolfe and Hawley & Puckett, for Respondents.

The defendants in this appeal, J. J. and Ida McGinnes, rely
not upon the transfer of Harvey Glenn, but upon actual appro-
priation of the waters of Cold Spring creek in the year 1887.
The defendant, Ida McGinnes, has used the water of said creek

from 1887, continuously, to the trial of this cause, except during the time that she was forcibly removed and kept out of possession of the same. The circumstances in this case do not warrant the court in saying that she abandoned the premises nor the use of the water thereon. (*Welch v. Garrett,* 5 Idaho, 639, 51 Pac. 405.)

HUSTON, C. J.—This case was before us, and was decided December 30, 1898. (*McGinness v. Stanfield,* 55 Pac. 1020.) The order made by this court in that case was that "the judgment of the district court is reversed, and the cause remanded to the district court, with instructions to correct its findings of fact and modify its decree in accordance with the views herein expressed." Upon the coming down of the *remittitur,* the district court proceeded to amend its findings and modify its decree in accordance with the judgment and order of this court. From such action of the district court this appeal is taken, it being claimed by the appellants that in its action the district court did not follow the judgment and order of this court. The action was originally brought for the purpose of settling the rights of certain parties, plaintiffs and defendants, to the waters of a certain creek or stream known as "Cold Spring creek." In its original findings, the district court found that "J. J. and Ida McGinness were entitled to the use of waters of said creek as follows: Under appropriation June 30, 1877, twenty-one inches; under appropriation June 30, 1882, forty inches; under appropriation June 30, 1887, fifty-nine inches." The evidence in regard to the claim of the said J. J. and Ida McGinness, as the same appears in the record, was as follows: "That on April 19, 1887, one Clark Smith [then the husband of Ida Smith, since and now Ida McGinness, wife of J. J. McGinness] filed a pre-emption claim upon the above-described tract of land [the southwest quarter of the northwest quarter, and the west half of the southwest quarter, and the northeast quarter of the southwest quarter, section 28, township 4 south, range 9 east, containing one hundred and sixty acres], and settled thereon, remaining in possession until some time in February, 1888, at which time he separated from his wife and family, leaving the

latter in possession of the land and improvements. On April 20, 1889, one Frank Hutchinson entered the same land at the United States land office as a homestead, and in that year took possession of the land, and ejected Mrs. Smith from the premises. A contest in the United States land office followed, with the result that Mrs. Smith was successful in establishing her right to the possession of the land, and she was permitted to and did, on December 23, 1892, enter the same at the United States land office as a homestead, and ever since the date last above mentioned, and up to the termination off.this·cause, she, jointly with her present husband, has been in the possession and occupancy of the same land and improvements." Evidence was admitted, over objection of plaintiff, establishing the following facts: "That on August 19, 1876, one Harvey Glenn filed a pre-emption upon a tract of land·on Cold Spring creek, containing one hundred and sixty acres, one hundred and twenty acres of which was afterward covered by the homestead [pre-emption?] entry of Clark Smith, and later by the homestead entry of Ida Smith. The pre-emption right of Harvey Glenn expired by limitation, and on November 4, 1878, Glenn filed a desert claim upon the same and other lands, in all four hundred acres. The last filing was subsequently canceled by order of the commissioner of the general land office. . . . . Glenn left the land and the territory of Idaho in 1884, and did not thereafter have anything to do with the land or represent it in any way. While Glenn was in possession of the land, beginning with the first day of July, 1877, he constructed ditches and conveyed water from Cold Spring creek to and upon the land, and used it in raising hay and a small garden. From 1877 to 1882, in each year, beginning with July 1, 1877, he irrigated twenty-one acres of land, using twenty-one inches of water for that purpose. In 1882, beginning with July 1st, he increased the use to the extent of forty inches. From 1883 to 1887 the land was in the possession of no one, although two or more persons had government filings upon it, which filings were afterward relinquished in favor of Clark Smith. After the latter had separated from his wife and family, and left the land, he, on October 2, 1889, filed a relinquishment of his homestead filing upon the land." It

appears from the evidence that Mrs. Ida McGinness (then Smith), in 1887, at the time her said husband and herself went into possession of the land in question, paid to Glenn $100 for his improvements and water rights thereon. This sum she says was paid by herself, mostly by labor. Subsequently, and on March 24, 1896, and after this suit was commenced, Harvey Glenn executed a quitclaim deed to Mrs. Ida Smith of the said above-described land. No deed or other transfer, by any instrument in writing, was made.

We held in the original case, *supra*, that, under the statutes of Idaho, all transfers of real property must be evidenced by an instrument in writing. The language used in that decision was as follows: "What we have here said applies as well to the proof offered by the defendant, Ida McGinness, in relation to her claim, to wit, a verbal transfer from Harvey Glenn. The deed subsequently procured by her from Glenn, some fourteen years after he had left the country, could only have effect from its date." The legitimate and inevitable effect of this decision was to date the right of Ida McGinness from the time when she, with her then husband, Smith, went into possession under the pre-emption entry of the latter, to wit, 1887, and this was so found by the district court in its corrected findings.

The abandonment of his family, and, per consequence, of his claim, by Clark Smith, did not work an abandonment of the pre-emption claim, so far as his wife and family were concerned. His wife, so long as she remained in possession of the land, had retained all the rights under the pre-emption claim which her husband would have had had he remained in possession. This, we believe, is settled law in regard to rights under the pre-emption and homestead laws as they then existed. The attempt of Hutchinson to take advantage of the apparently helpless and defenseless situation of the wife and family of Smith resulted, as it must and ought to have resulted, in his discomfiture, and the recognition and establishment by the land department of the federal government of the rights of the wife and family of Smith.

The contention of counsel that Mrs. Smith's rights to the land in question were only such as she had by and through her

husband cannot be sustained. It is contrary to both principle and authority, and directly opposed to the uniform rulings of the land department in that regard. The interruption of the possession of Mrs. Smith by the action of Hutchinson cannot be urged against her. (*Welch v. Garrett,* 5 Idaho, 639, 51 Pac. 405.) We find no error in the action of the district court, and its action herein is affirmed. Costs of this appeal to respondent.

Quarles and Sullivan, JJ., concur.