(No. 4934.   October 6, 1928.)

SAMUEL C. DUNN, Appellant, v. JOHN BOYD, ORVILLE JOHNSON, JAMES WORLEY, HAGERMAN VALLEY IRRIGATION COMPANY, a Corporation, P. C. MEREDITH, IDAHO FARM DEVELOPMENT CO., a Corporation, GEORGE W. PADGHAM and HARRY PADGHAM, Copartners, Doing Business Under the Firm Name and Style of PADGHAM & PADGHAM, and C. E. PERKINS, Respondents.

[271 Pac. 2.]

E. M. Wolfe and A. H. Neilson, for Appellant.

Edwin Snow and A. W. Ostrom, for Respondents, cite no authorities.

BRINCK, Commissioner.—Plaintiff brought suit to adjudicate the waters of Devil Creek in Twin Falls county,

the complaint alleging appropriations at various specified dates and in specified amounts by plaintiff and his predecessors in interest of the waters of said stream, and a use of such waters during the irrigation season of each and every year thereafter, and that the amounts thereof are necessary for the successful cultivation of the lands described. The complaint further alleged that the various defendants claimed certain rights in the waters of said stream, but that said claims were subsequent and inferior to plaintiff's. The defendant Idaho Farm Development Company answered denying plaintiff's alleged appropriations, and by cross-complaint set up appropriation and ownership by itself and its predecessors in interest of 5,000 acre-feet of the waters of said stream for irrigation purposes, by means of a storage reservoir and diverting works. The parties apparently treated the allegations of the cross-complaint as denied by plaintiff. On the issues so made, evidence was taken before a referee appointed by the court. At the hearing before the referee, plaintiff's proof consisted of a showing as to the number and location of acres owned by him and in cultivation, and cross-complainant admitted certain appropriations of water for irrigating such lands with dates of priority antedating its own appropriation; it was then stipulated between the parties by oral stipulation appearing in the transcript of the proceedings that the duty of water for plaintiff's lands was one inch to the acre, and that the length of the irrigation season for said lands is from the first day of May to the first of October of each year. The cross-complainant's appropriation for storage was stipulated as of a later date than plaintiff's. Certain appropriations of other defendants who were represented by counsel for plaintiff were likewise stipulated with priorities earlier than cross-complainant's, and with the same designation of the irrigation season; and a further stipulation was made to the effect that plaintiff was entitled during the nonirrigation season to divert for livestock and domestic use 25 inches of the waters of the stream. The court adopted the stipulations and admissions of the parties as the findings of fact

and conclusions of law of the court, and rendered decree accordingly, awarding to plaintiff the admitted appropriations for specified lands for use during the irrigation season, and the stipulated 25 inches for domestic and stock purposes during the nonirrigation season, with dates of priority earlier than cross-complainant's appropriation, and awarded to cross-complainant the right to impound in its reservoir 5,000 acre-feet of the waters of the stream; and in accordance with the stipulation the decree defined "irrigation season" as meaning the period from May 1st to October 1st of each year. The decree provided that the right of cross-complainant to divert and impound the waters of the stream should exist when it does not interfere with the prior rights of plaintiff and the other defendants fixed by the decree, and decreed that the diversion by cross-complainant of all the waters of the stream during the nonirrigation season does not interfere with the priorities of the other parties to the action, except as to said 25 inches awarded plaintiff for domestic and stock uses. The judgment was entered on September 10, 1924, and in May, 1925, the plaintiff filed a motion to amend the decree by striking therefrom the provision that from October 1st of each year to the following May 1st, the cross-complainant should be permitted to divert all the waters of the stream and decreeing that the exercise of such right during said nonirrigation season (except as to the 25 inches awarded plaintiff for stock and domestic purposes) does not interfere with the rights of any of the parties. The motion was based upon the grounds that the decree was inadvertently entered, is not sustained by any issue in the pleadings, and deprives plaintiff of valuable property right without just compensation, and that the court had no jurisdiction to render such decree. In the affidavit filed in support of the motion, counsel for plaintiff avers that it is necessary for plaintiff to use water for irrigation from April 1st of each year, and as long as there is vegetable growth, and that plaintiff has always used the waters appropriated by him as early as it could be gotten out upon the ground. This motion was denied by

the court, and from the order denying it, plaintiff alone prosecutes this appeal.

There is no showing supporting the claim of inadvertence. On the other hand, the fixing of the irrigation season appears to have been deliberately stipulated and included in the decree. Plaintiff himself did not appear at the trial, and from the record it appears his counsel was not prepared to proceed with proof of plaintiff's rights, and the admission by cross-complainant of plaintiff's rights and the stipulation as to the length of the irrigation season was stated at the argument without contradiction to have been the result of an agreement between counsel, in view of the situation so existing. The motion to amend the decree was not a proceeding to set aside the stipulation, but plaintiff while claiming the benefits of the stipulations and admissions seeks here to relieve himself of the disadvantages of such agreement.

The principal ground urged upon this appeal is that the court had no jurisdiction to fix the length of the irrigation season, and that, it being without jurisdiction of the subject matter, the portion of the decree purporting to fix such season is void, and should be stricken. The theory upon which appellant bases this contention is that while an appropriation of water for irrigation does not give the appropriator the right to waste the water or to divert it at such times as he does not need it, he himself must be the judge in the first instance of the times at which he requires its use, and that in the nature of things a court cannot fix a definite time as the beginning of an irrigation season, since seasons vary from year to year, and no time can be fixed which will operate for all time. However, the objection goes rather to the possibility of producing evidence to support a finding of fact than to any lack of jurisdiction in the court to make such finding. It is quite clear that there are few if any localities where it could not be established as an unquestioned fact that water for direct irrigation is not required during the months of December, January and February or for a longer period. It is entirely possible that the climatic history of certain localities can be established by

evidence so conclusive that the court can with certainty fix March 1st, April 1st or May 1st, or some other date in the spring of the year prior to which no water for direct irrigation need ever be diverted. When such fact can be established beyond question, we can see no impropriety in the court fixing such date as the date to which a subsequent appropriator for storage purposes may divert all the water of the stream, and after which date he may not divert such waters for storage without consulting the necessities of prior direct irrigation appropriators. And whether such date is shown by evidence or stipulated as a fact by the parties, can make no difference. The stipulation of a fact estops a party to deny the existence of such fact. (*Mahoney v. Marshall*, 3 Ida. 484, 31 Pac. 809.)

None of the decisions of this court relied upon by appellant seem to us to apply to this case. Some of the language of the court in *McGinness v. Stanfield*, 6 Ida. 372, 55 Pac. 1020, read without reference to the facts and issues of that case, may perhaps lend some color to appellant's theory; but there was no question there of the fixing of an irrigation season, the court having under consideration rather a decree restricting the manner of use of water appropriated, and a finding having been made without evidence to support it that on certain classes of land water for irrigation was not required after July 1st of each year. Counsel also relies upon the decision in *Comstock v. Larimer & Weld Reservoir Co.*, 58 Colo. 186, Ann. Cas. 1916A, 416, 145 Pac. 700, where it is said that as between an appropriator for storage purposes, and prior appropriators for direct irrigation, the fixing of an irrigation season is not a question for judicial determination, the prior appropriations having theretofore been decreed without any limitation as to time. It does not there appear that the appropriator for storage was a party to such prior decrees, but the court states that it has in other cases recognized that there may be a limitation as to the time of use upon decreed appropriations of water for irrigation, when the decree itself fixes such limitation, or where in a proper action it is shown that the actual use has in fact

been so limited. In fact Colorado has recognized the doctrine, as have others of the western states, that there is no difference in principle between an appropriation measured by quantity and one measured by time, and that appropriations may be for different periods. (*Cache La Poudre Reservoir Co. v. Water Supply & Storage Co.*, 25 Colo. 161, 71 Am. St. 131, 53 Pac. 331 (333), 46 L. R. A. 175; *Colorado Milling & Elevator Co. v. Larimer & Weld Irr. & L. Co.*, 26 Colo. 47, 56 Pac. 185; *New Loveland & Greely Irr. & L. Co. v. Consolidated Home Supply D. & R. Co.*, 27 Colo. 525, 62 Pac. 366, 52 L. R. A. 266; *Smith v. O'Hara*, 43 Cal. 371; *Barnes v. Sabron*, 10 Nev. 217; 2 Kinney on Irrigation, 2d ed., sec. 768.)

It is also urged that the length of the irrigation season was not made an issue in the pleadings. The plaintiff's alleged appropriations were denied *in toto*, and it was expressly denied that the plaintiff had made use of any of the water claimed at any time. We think this sufficient to put in issue the annual period of plaintiff's use and to support the finding.

The court having jurisdiction of the subject matter, and the parties having stipulated the fact, and the allegation of inadvertence not having been sustained by any proof, there was nothing upon which to base an amendment of the decree; and we recommend that the order appealed from be affirmed, with costs to respondent.

Varian, C., concurs.

The foregoing is approved as the opinion of the court and the order denying the motion to amend the decree is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.