## No. 27046

**In the Matter of the Application for Water Rights of the City of Grand Junction, Colorado, a municipal corporation, in the Gunnison River or its Tributaries: Tributary Involved: Kannah Creek, in Mesa County. City of Grand Junction, Colorado, a municipal corporation v. Kannah Creek Water Users Association; Lloyd V. Wright; Jenny M. Wright; The Kannah Creek Extension Ditch Association; and Ralph Kelling, Jr.; Robert S. Coburn; Howard Brouse; Lawrence Mash; William Blair; W. D. Bradbury; Clifford Davis; John L. Whiting; and Donald P. Whiting**

(557 P.2d 1169)

Decided December 20, 1976.

Graham and Dufford, D. J. Dufford, for applicant-appellant.

Williams, Turner & Holmes, Anthony W. Williams, for protestor-appellee Kannah Creek Water Users Association.

*En Banc.*

MR. JUSTICE DAY* delivered the opinion of the Court.

---

* Retired Supreme Court Justice sitting under assignment of the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

The issue on appeal in this action in this court concerns the right of the City of Grand Junction (the City) to store 10.97 cubic feet of water per second (c.f.s.) direct flow taken from the North Fork of Kannah Creek (North Fork) when such water is not required immediately for municipal purposes.

The water referee in Water District Number 4 ruled in November, 1974, that the City had sustained its burden of proof concerning this additional use of its water right. The water judge in Water District Number 4 reversed that ruling and remanded the matter to the water referee directing that an order be entered denying to the City the right to store direct flow as requested. We reverse.

In approximately 1955, the City purchased direct flow rights to 10.97 c.f.s. of water on the North Fork. This water right related basically to water rights of the Anderson ranch. In March, 1968, in case Number 15487 in the District Court for Mesa County, the City petitioned for a change in point of diversion, alternate points of diversion, and for a change to municipal use in addition to its use for irrigation. The court granted the petition. It ruled that the changes would not injure the objectors therein or any other appropriator. That finding was based on evidence that the geographical lay of the land precluded return flow to others and that return water did not become available to downstream objectors due to 100 percent consumptive use by the City's predecessor-in-interest and continued 100 percent use of the water 100 percent of the time by the City.

A second action relative to this water right — one not a change of use proceeding — was case Number 16632 in the District Court for Mesa County. The trial court therein enjoined the City from storing any part of the 10.97 c.f.s. of water under its direct flow decree.

I.

A water right for irrigation of the Anderson ranch which was the right the City acquired in the 10.97 c.f.s. of water from the North Fork is a property right independent of the beneficial use to which it is put. An appropriation for irrigation may be changed to a use involving storage. *Ackerman v. Walsenburg*, 171 Colo. 304, 467 P.2d 267 (1970); *Colorado Milling and Elevator Co. v. Larimer and Weld Irrigation Co.*, 26 Colo. 47, 56 P. 185 (1899). A municipality does not differ from any other appropriator in this regard. *Westminster v. Church*, 167 Colo. 1, 445 P.2d 52 (1968). Such a right is incidental to the appropriation purchased by the City. Considerable case law in Colorado holds the right to be conditional, *i.e.*, it can be exercised only if there would be no injury to other vested rights. *See Monte Vista Canal Co. v. Centennial Irrigating*

*Ditch Co.*, 22 Colo. App. 364, 123 P. 831 (1912), and *Farmers' Highline Canal and Reservoir Co. v. Golden*, 129 Colo. 575, 272 P.2d 629 (1954).

In the hearings concerning the request to store the water, the City relied upon the findings re injury in the earlier change of diversion action. Such reliance was misplaced. This court held in *Boulder and White Rock Ditch and Reservoir Co. v. Boulder*, 157 Colo. 197, 402 P.2d 71 (1965), there is no case law or statute that makes a prior change in point of diversion decree binding on later attempted changes. We said:

". . . The first and most obvious reason seems to be that the subject matter, though similar, is not the same, and it is hard to conceive of such a case where conditions, uses and even users would be exactly the same. In addition, junior appropriators well might be differently affected by a later decreed change than by one entered much earlier. . . ."

The findings in a water adjudication proceeding are conclusive only as to the date and amount of priorities adjudicated. *Enlarged Southside Irrigation Ditch Co. v. John's Flood Ditch Co.*, 116 Colo. 580, 183 P.2d 552 (1947). A different cause of action and different subject matter are presented here from those presented in the earlier action for change in point of diversion and alternate uses. And such prior decree does not foreclose the City in subsequent proceedings. *Westminster v. Church, supra.* The precise issue the trial court was asked to decide here had not been determined previously and thus was not barred by the principles of res judicata or collateral estoppel.

All appropriators, including those whose rights are junior to those acquired by the City, have a right to the continuance of the conditions existing on the stream at and subsequent to the time they made their appropriations, unless a change can be made without injury to those rights. *Farmers' High Line Canal and Reservoir Co. v. Wolf*, 23 Colo. App. 570, 131 P. 291 (1913). The City contends that prior decrees in its favor have given it a clear right to store the water. Such a statement does not comply with the requirements of this statutory action. The statute and case law contemplate a relative evaluation of rights with a view to protection of vested rights. *Hallenbeck v. Granby Ditch and Reservoir Co.*, 144 Colo. 485, 357 P.2d 358 (1960).

This court in the *Hallenbeck* case, *supra*, regarded as fatal the lack of any proof of matters "absolutely necessary to enable a court to find that the vested rights of the protestants would not be injuriously affected if the proposed [change] were permitted." Here, the City has placed itself in a similar circumstance. It failed in its application to make any allegation of lack of injury. However, that omission by the City could have been cured by the trial court. Its duty in this type of proceeding is not merely passively to hear the evidence.

". . . [I]t has an active role in the administration of valuable and vital rights and, as we read the statute, it requires the court to reconcile where possible mutually conditioned vested rights. Where the evidence presented by petitioners at least creates a doubt concerning (a) the existence of injury and (b) whether compensatory conditions can be imposed once the evidence is fully developed, we hold that it is error [not to examine further the facts which would be determinative]." *Mannon v. Farmers' High Line Canal and Reservoir Co.*, 145 Colo. 379, 360 P.2d 417 (1961).

The trial court speculated on possible injuries not in evidence. The court found:

". . . [I]t is entirely possible that the City may not need the direct flow for municipal purposes, and when it is not used for irrigation, the direct flow traverses Kannah Creek and is available for the Users to divert and utilize. If this is a possibility, the Users would be adversely affected and storage of direct flow should be denied."

The court therefore did not find the possibility of injury specifically, with reference to any actual conditions, as it should have. *Hallenbeck v. Granby Ditch and Reservoir Co., supra.*

## II.

■ Without any foundation in fact before the court, it nevertheless ruled the City's proposed storage of a part of the 10.97 c.f.s. of water would be an expanded use of its water right. This question is critical. The City made no allegation of lack of injury and the objectors did not present evidence of expanded use or other deprivation which would be caused by the storage. Consequently the issue was not tried. If the court inferred injury, the City was not given an opportunity to refute it, if any existed. Such opportunity to refute the contention that others will be injured or to present a plan by which injury can be lessened or eliminated is basic to this type of proceeding. *Farmers' Highline Canal and Reservoir Co. v. Golden, supra.* "To protect against the possibility of . . . extended use of the water rights, the courts will impose conditions upon the change of use . . . to protect the rights of other appropriators." *Westminster v. Church, supra.*

## III.

■ The court gave considerable weight to the provisions of an agreement relating to an option to purchase water rights. The agreement was between the estate of Hallenbeck, who owned certain water rights on the North Fork, and the City. By its terms, *inter alia*, the City waived its right to seek a change of use of the water to storage rights.

The City is not precluded by that agreement from here asserting any right to store the 10.97 c.f.s. of water. "The terms of that contract benefited only the parties thereto, and the rights obtained by the estate do not run with the stream. The objectors are at most incidental third-party beneficiaries to that agreement, not having been specifically named or

provided for therein. No part of the agreement has been incorporated into a water decree. The objectors have no standing to ask this court to enforce the City's obligation to the Hallenbeck contract, if any in fact exists."

The judgment is reversed and the cause remanded to the water court with directions to conduct a hearing on the issue of injury to the rights of junior appropriators, and whether conditions can be imposed to protect objectors.

MR. JUSTICE GROVES and MR. JUSTICE CARRIGAN do not participate.