November 27, 1900.)

FEENEY v. CHESTER.

[63, Pac. 192.]

WATER RIGHTS—IRRIGATION—ACTION TO QUIET TITLE TO DITCH AND WATER—VERBAL AGREEMENT AS TO USE OF WATER.—Where it is apparent from the pleadings that the purpose of the litigation is the settlement of the rights of the parties litigant to the waters of a certain creek or river flowing through a certain ditch and the rights of the parties to the use of such ditch, it is not error for the trial court, having before it all of the parties

interested and having jurisdiction of the subject matter, to pass upon and decide the entire matter. Where one contemplating the construction of a ditch or canal for the purpose of conducting water from a creek or river to lands owned by him finds that it is necessary to construct the same over and through the lands of another, and makes an agreement with the owner of said lands, that in consideration of a right of way through the same, such owner shall have an interest in said ditch to the extent of a sufficient amount of water therefrom to irrigate his said lands, such agreement is binding upon both the party making the agreement and those holding or claiming to hold under him.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Arthur Brown and Thomas F. Terrell, for Appellant.

The contract which is sought to be specifically executed ought not only to be proved, but the terms of it should be so precise as that neither party could reasonably misunderstand them. If the contract be vague or uncertain, or the evidence to establish it be insufficient, a court of equity will not exercise its extraordinary jurisdiction to enforce it, but will leave the party to his legal remedy. (*Calson v. Thompson,* 2 Wheat. 336; *Magee v. McManus,* 70 Cal. 553, 12 Pac. 451; *Los Angeles etc. Assn. v. Philips,* 56 Cal. 530; *Morrison v. Rossignol,* 5 Cal. 64; *Potts v. Whitehead,* 20 N. J. Eq. 55; *Brown v. Brown,* 33 N. J. Eq. 650.) Any decree is erroneous which is not within the issues framed by the pleadings. (*Owen v. Meade,* 104 Cal. 179, 37 Pac. 923; *Stout v. Coffin,* 28 Cal. 65; *Tomlinson v. Monroe,* 41 Cal. 94; *Johnson v. Moss,* 45 Cal. 515; *Clark v. Insursurance Co.,* 36 Cal. 168; *Mondran v. Goux,* 51 Cal. 151.) If the defendant relies on the equities of his case for anything beyond a defense, and seeks affirmative relief, he must file a cross-bill. An answer will not be sufficient. (5 Ency. of Pl. & Pr. 632; *San Juan etc. Co. v. Finch,* 6 Colo. 214; Story's Equity Pleading, sec. 398a; *McConnell v. Smith,* 23 Ill. 611; *Harrison v. McCormick* (Cal.), 9 Pac. 114.)

Winters & Guheen, for Respondent, cite no authorities in their brief.

HUSTON, C. J.—Although this case is, as shown by the record, an action to restrain a trespass, still it seems to have been treated by both court and counsel as an action to quiet the title of the parties litigant to the waters of Soda creek, or to a ditch taking water from said creek. Appellant states in his brief that "this is a suit in equity to quiet the title of appellant to a certain ditch, described and set forth in the complaint." In his complaint appellant, after setting forth his title to the ditch and the water therein flowing, and alleging the acts of defendant in taking water therefrom, prays "that the defendant be required to set up any right he may have or claim in or to the ditch or canal, and the waters flowing therein, belonging to plaintiff, and that any such right or claim be adjudged and decreed to be inferior and subordinate to the rights of the plaintiff, and void as to the ditch or canal owned by the plaintiff"; and then prays that the defendant be perpetually enjoined from interfering with the right of the plaintiff in and to the ditch or canal aforesaid, or the water flowing therein. The complaint also sets forth the ownership by plaintiff of certain lands susceptible of irrigation by means of the waters aforesaid, and avers the right in the plaintiff to the use for irrigating said land of three hundred and twenty inches of water, measured under a four-inch pressure, of the flow of the waters of said Soda creek. Defendant admits the ownership by plaintiff of the lands described in the complaint, but denies that plaintiff ever used more than fifteen inches of said water for irrigating said land, or that plaintiff has more than fifteen acres of land that is susceptible of irrigation from said ditch and the water of said Soda creek. Defendant also avers that plaintiff's predecessors in interest, and who constructed said ditch, found it necessary in such construction to run said ditch through two subdivisions, of forty acres each, of defendant's land, and, in consideration of defendant granting to him the right of way through said lands, plaintiff's grantor (one Horseley) did agree to give to defendant an interest in said ditch for the purpose of using the waters therein; and that the defendant has, for each and every year since the construction of said ditch, used the waters of the said Soda creek through the said ditch for the irrigation of the lands

of said defendant, without any hindrance from the plaintiff or his predecessor in interest, until about one year ago, when the plaintiff laid claim to the whole ditch, without regard to the rights of the defendant. None of the evidence appears in the record.

The court finds, *inter alia*, after finding the appropriation (no definite number of inches appearing) of said waters by Horseley, the predecessor of plaintiff, as follows: "After the posting of the notice of appropriation as aforesaid, and prior to the actual commencement of work in the excavation of said ditch, it was ascertained that said ditch would traverse two forty-acre subdivisions of the defendant's (William Chester's) land, and thereupon it was verbally agreed between the said Herbert Horseley and defendant that, as a consideration for crossing said land of the defendant with said ditch, the said defendant should be allowed to run water through, and have an interest in, said ditch or canal; that the supply of water from said Soda creek is abundant for all appropriators, and many hundreds of inches of said water going to waste each irrigating season; that one inch to the acre is sufficient water for the irrigation of any of the lands of the plaintiff or defendant; that plaintiff and his predecessors in interest have continuously used from said canal water sufficient to irrigate ten acres of his said land and for domestic purposes; that defendant has continuously, each and every year, used water from said canal for the land mentioned in finding 13 hereof, as such land has been cleared and cultivated." And as conclusions of law the court finds "that the defendant is entitled to the use of said canal for the purpose of flowing seventeen inches of water through the same from the point of diversion to the land of the defendant, and to the use of seventeen inches of water from said ditch for the purpose of irrigating said land." And the plaintiff is perpetually enjoined and restrained from interfering with the defendant in the use of said amount of water from said ditch.

Appellant presents the following specifications of error: "1. The court erred in its conclusions of law, and the decree based thereon, awarding respondent the right to use said canal for the purpose of flowing seventeen inches of water through the same,

and to the use of seventeen inches of water from said ditch, under the finding of fact that respondent based his claim for such water upon a verbal contract with one Herbert Horseley, the appellant being an entire stranger to such contract, and a *bona fide* innocent purchaser of said ditch, for a valuable consideration. 2. The court erred in its conclusions of law that respondent had any right to or interest in said ditch or canal, or the waters flowing therein. 3. The court erred in awarding any specific amount of use or right in said ditch, and in decreeing respondent the right to use seventeen inches of water from said ditch. 4. The court erred in assuming to enforce by decree an interest or water right in this ditch based upon a verbal contract. 5. The court erred in granting the injunction against the appellant. 6. The court erred in not determining when, how and where respondent should have the right to divert such water from said ditch. 7. The court erred in not determining how such ditch should be kept up and maintained. 8. The court erred in granting defendant affirmative relief, when there was no cross-complaint. 9. The court erred in granting respondent any relief under his answer for the reason that the same failed to state facts sufficient to constitute a defense or counterclaim to the cause of action set forth in the complaint."

As to the first specification of error: The defendant having paid the consideration by giving the right of way for the ditch through his land, and having received and enjoyed, for some seven or eight years, the use of the ditch and water, it would be inequitable to permit the plaintiff to now deprive him thereof while retaining the benefit of the consideration given by defendant therefor. (See *Stowell v. Tucker,* ante, p. 312, 62 Pac. 1033, also Rev. Stats., sec. 6008.)

As to the second specification: Both the complaint and answer contain a prayer for general relief. Courts will not do equity by halves. Having the parties before it, and having jurisdiction of the subject matter, the averred purpose of the action being "to quiet the title to the ditch and water," it seems to us eminently proper that the court should, by its decree, settle the whole matter. While, technically, it would have been more in

accord with proper practice for the defendant to have set up his claim for affirmative relief by a cross-complaint, still we are not inclined to contravene the palpable spirit of the code, by subjecting a right, clearly established, to the technicalities of a pleading. As to the other specifications of error, we cannot see that they suggest any questions not covered by what we have already passed upon. In fact, the appellant seems to rely upon technical objections entirely. As we have before said, the action was brought to settle the rights of the parties to the waters conveyed by a certain ditch. The court would have been justified in simply dismissing the complaint, and denying the injunction prayed for by complainant; but having the parties before it, and the whole question submitted upon proofs, the court wisely and properly, we think, proceeded to dispose of the whole matter, and in so doing we are satisfied, from a careful inspection of the record, committed no error. The judgment of the district court is affirmed, with costs to respondent.

Quarles and Sullivan, JJ., concur.

### ON REHEARING.

(December 27, 1900.)

Per CURIAM.—A careful consideration of the petition for rehearing fails to convince us that our conclusion as set forth in the original opinion, is incorrect. It is insisted that the decision in this case is in conflict with the decision in the case of *McGinniss v. Stanfield,* decided by this court, and reported in 6 Idaho, 372, 55 Pac. 1020, where we held that, "under the statutes of Idaho, a verbal contract for the sale or transfer of real estate is not admissible in evidence against a stranger to such contract." The case at bar is entirely different from the case of *McGinniss v. Stanfield, supra.* In this case, Horseley, the grantor of appellant, entered into a contract with respondent, whereby it was agreed that said Horseley should have the right of way across respondent's land, for and in consideration of the use of water by respondent, which is the subject matter of this action. This agreement was fully executed by both parties, and soon after its

execution the appellant took a mortgage upon certain lands of said Horseley, and upon the canal from which the respondent takes the water in question. The decision in *McGinniss v. Stanfield* does not apply here. Appellant is not a stranger to said contract, but a privy thereto. Horseley could only mortgage to him the interests in the ditch and waters flowing therein which he owned. Appellant, by virtue of his said mortgage and subsequent purchase under decree of foreclosure thereof, succeeded to the title of Horseley at the date of the execution of the mortgage; nothing more. More than this, the surroundings of the parties, the fact that the ditch flowed over and through the lands of respondent, were such as to put a prudent man upon guard, and appellant should have ascertained by inquiry, if he did not, the status of the parties. Appellant calls our attention to section 4520 of the Revised Statutes, relating to the foreclosure of mortgages, but we are unable to see that that section has any application to the questions before us on this appeal. The other questions discussed in the petition for rehearing we think were suffciently discussed in the original opinion. Petition denied.