(June 22, 1926.)

MARGARET MAHAFFEY, Appellant, v. WILLIAM M. CARPENTER and LULU CARPENTER, Respondents.

[248 Pac. 13.]

WATERS AND WATERCOURSES—FINDINGS, CONCLUSIONS AND JUDGMENT OUTSIDE ISSUES—NECESSARY FINDINGS—COSTS.

1. Findings, conclusions and judgment, in action to quiet title to irrigation ditch, granting to defendants right to enlarge ditch, *held* improper as being outside issues.

2. After finding that defendants had right to use irrigation ditch inferior to plaintiff's use of present carrying capacity, court should have found capacity of ditch and acreage on which waters were to be applied.

3. Under C. S., sec. 5325, court had authority, in action to quiet title to irrigation ditch, to direct each of parties to pay costs on finding that defendants had right to use of ditch inferior to right of plaintiff.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Action to quiet title to irrigation ditch. Judgment for plaintiff. *Reversed* and *remanded*, with instructions.

E. H. Casterlin and Whitcomb, Cowen & Clark, for Appellant.

Facts pleaded but not proved or admitted will not sustain a judgment. (*Muckle v. Hill*, 32 Ida. 661, 187 Pac. 943; *Lowe v. Turner*, 1 Ida. 107; *Kullmann v. Greenebaum*, 84 Cal. 98, 24 Pac. 49.)

Judgment must be limited to the relief demanded or to such as is embraced within the issues. (C. S., sec. 6829; *Brunzell v. Stevenson, etc.*, 30 Ida. 202, 164 Pac. 89; *Dover Lumber Co. v. Case*, 31 Ida. 276, 170 Pac. 108; *Burke Land etc. Co. v. Wells*, 7 Ida. 42, 60 Pac. 87; *County of Yuba v. Kate Hays M. Co.*, 141 Cal. 360, 74 Pac. 1049; *Faure v. Drollinger*, 60 Cal. 594, 213 Pac. 724.)

In an action involving title to an irrigation ditch, the party in whose favor judgment is rendered is entitled to costs. (*Brunzell v. Stevenson, supra.*)

L. E. Glennon, for Respondents.

"Where one makes a parol agreement with the owner of certain lands that in consideration of a right of way through the same, such owner shall have an interest in such ditch to the extent of sufficient water therefrom to irrigate his lands, and such an agreement has been acted upon and

Publisher's Note.

See Costs, 15 C. J., sec. 13, p. 28, n. 88.
Judgments, 33 C. J., sec. 92, p. 1151, n. 19.
Waters, 40 Cyc., p. 816, n. 76.

the ditch constructed, it is binding upon both the party making the agreement and those holding or claiming to hold under him." (Kinney on Irrigation and Water Rights, 2d ed., p. 1635; *Feeney v. Chester*, 7 Ida. 324, 63 Pac. 192; *Stowell v. Tucker*, 7 Ida. 312, 62 Pac. 1033; *Male v. Leflang*, 7 Ida. 348, 63 Pac. 108; *Francis v. Green*, 7 Ida. 668, 65 Pac. 362; *Barton v. Dunlap*, 8 Ida. 82, 66 Pac. 832; *Fleming v. Baker*, 12 Ida. 346, 85 Pac. 1092; *Havlick v. Davidson*, 15 Ida. 787, 100 Pac. 91; *King v. Seebeck*, 20 Ida. 223, 118 Pac. 292; *Houser v. Hobart*, 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410; *Wolf v. Eagleson*, 29 Ida. 177, 157 Pac. 1122; C. S., sec. 7975.)

BUDGE, J.—This action was brought by Margaret Mahaffey in her own right and as the duly appointed administratrix of the estate of James Mahaffey, deceased, to quiet title to an irrigation ditch constructed by the Mahaffeys' predecessor across a considerable portion of the lands of respondents and used for the purpose of conducting water from Agency Creek to and upon the lands of appellant.

Respondents, in their answer, affirmatively allege that appellant's predecessor was permitted to construct the irrigation ditch in question across their lands with the understanding that when the ditch was completed respondents should have a right in the ditch of sufficient carrying capacity to convey to their lands water which they were entitled to receive from Agency Creek; that after the ditch was completed they used the same to convey water to their land, and have, for a period of more than seven years immediately preceding the commencement of this action, continued to use the ditch with the full knowledge of and without objection on the part of appellant.

Judgment was entered in favor of appellant quieting her title in and to the irrigation ditch, including a reasonable strip of land on either side thereof for the customary and necessary use in maintaining and operating the same, to the extent of its present carrying capacity; and the respondents were granted the right to enlarge the ditch to

make it of sufficient carrying capacity to convey water which they were entitled ·to receive from Agency Creek, having due regard at all times for the rights of appellant. From the judgment so entered this appeal is prosecuted.

The court found that the irrigation ditch crosses a large portion of the lands of respondents; that said ditch was constructed by one Smith, appellant's predecessor, and the land of respondents upon which the same was constructed was appropriated and used without due process of law or compensation; that respondents permitted appellant's predecessor to construct the irrigation ditch in question with the understanding on their part that they should have a right in the ditch when completed to the extent of sufficient carrying capacity therein to convey to their lands the waters which they were and now are entitled to receive from Agency Creek. The court further found that respondents used the ditch for a period of more than seven years before the commencement of this action with the full knowledge of and without objection on the part of appellant, and further found that the rights and equities of the parties to the action are such that appellant ought to be and is estopped from denying the right of respondents to the use of said irrigation ditch. There is sufficient competent evidence to sustain this finding, whether upon the theory that the right would flow to respondents by reason of the agreement and appropriation of the land through which the ditch was constructed, or upon the theory of estoppel. (*Feeney v. Chester*, 7 Ida. 324, 63 Pac. 192.)

The judgment provides that respondents be permitted to enlarge the irrigation ditch so that as enlarged it would carry the water which the respondents are entitled to receive from Agency Creek; and that when so enlarged the respondents have the right to use the ditch for the conveyance of water from Agency Creek, having due regard at all times for the rights of appellant.

[1] It will be observed that the judgment does not follow the findings, and further, that the findings, conclusions and judgment are beyond the issues. The right to enlarge the

ditch by respondents was not before the court; the action was limited by the parties, appellant seeking to quiet title and respondents seeking to have an interest in the ditch declared in their favor. That portion of the court's findings, conclusions and judgment which has reference to the right of respondents to enlarge the ditch, being outside of the issues, was improper.

Under what is designated as conclusions of law the court found that appellant is entitled to judgment against the respondents quieting title in and to the irrigation ditch, together with the land upon which the same is situated, including a reasonable strip of land on either side for the customary and necessary use in maintaining and operating the ditch to the extent of its present carrying capacity, and that the right of appellant in and to the use of said irrigation ditch to the full extent of its present carrying capacity is superior to the right of respondents to the use thereof, and that the latters' use must be such as not to interfere with the use of the former to the extent of its full carrying capacity.

[2] The court found that both appellant and respondents have waters decreed to them from Agency Creek and the amounts so decreed, but failed to find the capacity of the ditch through which the parties seek to convey the water so decreed to them to their respective lands. The court should have found, not only the amount of waters decreed and sought to be applied to a beneficial use through the ditch involved herein, but what the capacity of the ditch was and the acreage upon which the waters were to be applied, as well as the prior right to the use of the ditch by the parties as it is now constructed. While it is true the court found that the ditch would carry the quantity of water decreed to appellant "and an additional amount of high water . . . . during the high water season," that is not a sufficient finding as to capacity.

Due to the nature of the findings, conclusions and judgment before us in this cause it becomes necessary to make

an order remanding the action for further proceedings, to the end that the findings of fact be confined to the issues and evidence, the conclusions of law be limited to the facts so found, and the judgment be entered in accordance therewith.

[3] Appellant assigns as. error the action of the court in refusing to enter judgment for costs in favor of appellant and against respondents. This is an action to quiet title to real property, and since, under the provisions of C. S., sec. 5325, irrigation ditches are classed as real property, if both appellant and respondents are co-owners in the right to the use of the ditch, the court was not without authority to direct that each of the parties may pay its own costs, under the facts.

The judgment is reversed and the cause remanded, as above stated. Each of the parties to pay their own costs upon this appeal.

William A. Lee, C. J., and Wm. E. Lee, Givens and Taylor, JJ., concur.